UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| VINCENT E. JOHNSON, | ) | Civil Action No.: 4:12-cv-0390-RBH-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **ORDER** |
| | ) | |
| PATRICK R. DONOHOE, USPS; | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

In this action, Plaintiff, who is proceeding pro se, asserts causes of action arising out of his employment with the United States Postal Service. Presently before the court are Plaintiff's Motion to Produce Full Copy of Deposition (Document # 58), Plaintiff's Motion for Extension of Time to Review Deposition (Document # 59), Plaintiff's Motion for Hearing (Document # 63), Plaintiff's Motion to Strike All Reference to Deposition (Document # 64), Plaintiff's Motion for Court to Pay for Mediation (Document # 69), Plaintiff's Motion to Schedule Mediation (Document # 84) and Plaintiff's Motion to Compel (Document # 85). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), DSC.

Plaintiff has filed several motions relating to the deposition taken of him by counsel for Defendant on March 21, 2013. First, Plaintiff requests a full copy of the transcript of the deposition. It is not clear whether he is requesting this copy from the court or from Defendant. However, Plaintiff may obtain a copy of the transcript from the court reporter who prepared it. Rule 30(f)(3), Fed.R.Civ.P., allows a court reporter to require a "reasonable charge" for a copy of the transcript. It is not the responsibility of the court or the opposing party to provide Plaintiff with a transcript of

the deposition. Thus, this Motion is denied.

Plaintiff also moves for an extension of time to review the deposition and make changes. Rule 30(e)(1), Fed.R.Civ.P., allows a deponent to request "before the deposition is completed" an opportunity to review the transcript and, if necessary, sign a statement listing any requested changes and the reasons for making them. The reviewing party must review and make the changes within thirty days of being notified that the transcript is available. Rule 30(e)(2), Fed.R.Civ.P. Plaintiff has failed to show that he requested prior to the end of the deposition an opportunity to review it and make changes. Thus, Plaintiff's Motion for Extension of Time is denied.

Finally, as to his deposition, Plaintiff asks that any reference to it be stricken because he has not had the opportunity to review it and make changes. For the same reasons discussed above, this motion is denied as well.

Plaintiff also filed a Motion for a Hearing via telephone conference to discuss discovery as well as a Motion to Compel Defendant to produce certain discovery. However, the discovery deadline was April 2, 2013, and Plaintiff filed his Motion for a Hearing on April 23, 2013, and his Motion to Compel on July 24, 2013. Both motions were filed outside the discovery deadline and, thus, are untimely. Accordingly, these Motions are denied.

Finally, Plaintiff files two motions regarding mediation. In his first motion, Plaintiff asks that the court pay for mediation or allow the parties to skip mediation altogether. In his second Motion, he asserts that the parties have agreed upon July 22, 2013, as an appropriate date for mediation and he asks the court to schedule it. He also renews his request that the court pay for his half of the mediation costs. As an initial matter, the parties are free to schedule mediation at any agreeable time within the mediation deadline. The scheduling order provides a mediation deadline of June 17, 2013. To the extent Plaintiff is requesting an extension of that deadline to mediate this

case, the extension is granted.

In addition, Local Civil Rule 16.11(D), D.S.C., allows an indigent party to request to be exempt from the costs of mediation. However, Plaintiff has not provided sufficient information to allow the court to make a determination on this matter. Thus, Plaintiff's Motions are denied at this time with leave to refile. The Clerk of Court is directed to provide Plaintiff with a copy of the Motion to Proceed In Forma Pauperis along with this Order. If Plaintiff chooses to refile his motion, he is directed to complete the In Forma Pauperis form provided and submit it along with his motion.

For the reasons discussed above, Plaintiff's Motion to Produce Full Copy of Deposition (Document # 58) is **DENIED**, Plaintiff's Motion for Extension of Time to Review Deposition (Document # 59) is **DENIED**, Plaintiff's Motion for Hearing (Document # 63) is **DENIED**, Plaintiff's Motion to Strike All Reference to Deposition (Document # 64) is **DENIED**, Plaintiff's Motion for Court to Pay for Mediation (Document # 69), is **DENIED** with leave to refile, Plaintiff's Motion to Schedule Mediation (Document # 84), is **GRANTED** in part and **DENIED** in part with leave to refile as set forth above, and Plaintiff's Motion to Compel (Document # 85) is **DENIED**.

**IT IS SO ORDERED.**

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

August 2, 2013
Florence, South Carolina