UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| VINCENT E. JOHNSON, | ) | Civil Action No.: 4:12-cv-0390-RBH-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| PATRICK R. DONOHOE, USPS; | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## I.    INTRODUCTION

In this action, Plaintiff, who is proceeding pro se, asserts causes of action arising out of his employment with the United States Postal Service.  Presently before the court are Plaintiff's Motions for Default Judgment (Documents # 43, 47) and Defendant's Motion for Summary Judgment (Document # 51).  Because Plaintiff is proceeding pro se, he was advised pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th. Cir. 1975), that a failure to respond to Defendant's Motion could result in a recommendation that the Motion be granted.  Plaintiff timely filed a Response.  All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), DSC.  Because these motions are dispositive, this Report and Recommendation is entered for review by the district judge.

## II.    MOTIONS FOR DEFAULT JUDGMENT

In his Motions for Default Judgment, Plaintiff's asks that judgment be granted in his favor based upon Defendant's failure to timely comply with discovery.  It appears that Plaintiff seeks default judgment as a sanction arising out of the discovery process pursuant to Rule 37, Fed.R.Civ.P. However, Defendant requested additional time to respond to Plaintiff's discovery requests due to illness, which was granted.  Thus, it is recommended that Plaintiff's Motions for Default Judgment

be denied.

## II.     MOTION FOR SUMMARY JUDGMENT

There appears to be some confusion by both Plaintiff and Defendant as to what causes of action are actually before the Court.  Plaintiff is proceeding pro se.  Pro se complaints are held to a less stringent standard than those drafted by attorneys. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390–91 (4th Cir.1990).

In his Complaint, Plaintiff alleges that Sandra Williams asked him for sex in August of 2007, and, when he refused, she said she was going to fire him.  He also alleges that Defendant discriminated against disabled, black veterans.  Thus, it appears that Plaintiff is alleging quid pro quo sexual harassment and race discrimination in violation of Title VII and disability discrimination in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq.  There are no allegations of age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq.[1] or violations of the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601, et seq.[2]  Thus, these issues are not before the court.

Accordingly, the only issues raised by Plaintiff are quid pro quo sexual harassment, race

---

[1] Plaintiff appears to have raised age discrimination in his charge to the EEOC and Defendant argues that summary judgment is appropriate on such a claim.  However, Plaintiff makes no such allegation in his Complaint.

[2] Plaintiff appears to argue in his Response that his rights under the FMLA were violated. However, he raises no such allegation in his Complaint.

discrimination and disability discrimination. However, Defendant has addressed none of these issues in his Motion for Summary Judgment. Instead, he argues that summary judgment is appropriate on Plaintiff's claims of gender discrimination and age discrimination. Thus, it is recommended that Defendant's Motion for Summary Judgment be denied without prejudice and with leave to refile within thirty days of the date a final order is issued by the district judge.

## III.    CONCLUSION

For the reasons set forth above, it is recommended that Plaintiff's Motions for Default Judgment (Documents # 43, 47) be denied and Defendant's Motion for Summary Judgment (Document # 51) be denied without prejudice and with leave to refile within thirty days of the date a final order is issued by the district judge.

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

August 2, 2013
Florence, South Carolina

**The parties are directed to the important information on the following page.**