IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Vincent E. Johnson, | ) | Civil Action No.: 4:12-cv-00390-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Patrick R. Donahoe, USPS, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Vincent E. Johnson ("Plaintiff") filed the above *pro se* action against Postmaster General Patrick R. Donahoe ("Defendant"), alleging various causes of action arising from his employment with the United States Postal Service ("USPS").

On April 15, 2013, Defendant filed a Motion for Summary Judgment, along with a memorandum in support. Plaintiff filed his Response on April 23, 2013. This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Thomas E. Rogers, III.[1] In the R&R, the magistrate recommends that the Court deny Plaintiff's Motion for Default Judgment and deny Defendant's Motion for Summary Judgment *without prejudice* and with leave to re-file within thirty days of the date of this Court's Order. Plaintiff timely filed Objections to the R&R.

For the following reasons, this Court adopts the R&R.

**Standard of Review**

The magistrate judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Rogers for pretrial handling.

remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the magistrate judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ("*[D]e novo* review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005). Furthermore, in the absence of specific objections to the R&R, this Court is not required to give any explanation for adopting the recommendation. *See Diamond*, 416 F.3d at 315; *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

### **Discussion**

The Court reiterates that it may only consider objections to the R&R that direct this Court to a specific error. Plaintiff's objections argue that he is entitled to summary judgment,[2] and, while

---

[2] Plaintiff filed a motion for summary judgment after submitting objections, and appears to use his objections as a means of building support for that motion. The Court notes that the scheduling order deadline for motions in this case has long passed and Plaintiff's motion appears untimely. However, the Court will reserve ultimate disposition of this motion pending further review from the magistrate.

the objections reference the R&R, they make no specific allegations of error in the magistrate's analysis. *See Monahan v. Burtt*, No. CIVA 205-2201-RBH, 2006 WL 2796390, at *9 (D.S.C. Sept. 27, 2006) ("[A] district judge should not have to guess what arguments an objecting party depends on when reviewing a magistrate's report." (quoting *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Accordingly, none of the objections offered by Plaintiff meet the applicable standard for specificity set above and this Court finds no clear error in the R&R. To the extent Plaintiff's arguments constitute specific objections the Court has reviewed the R&R *de novo* and agrees with the magistrate. The magistrate is denying Plaintiff's Motion for Default Judgment on the basis that Defendant timely answered discovery. Plaintiff does nothing to challenge this finding and the record supports the magistrate's holding. Further, the magistrate recommends denying Defendant's Motion for Summary Judgment *without prejudice* because the magistrate found that Defendant misinterpreted the claims in Plaintiff's *pro se* pleading and thus inadvertently did not address certain causes of action.[3] This is a sound exercise of judicial discretion.

To the extent Plaintiff, in his objections, attempts to argue that the magistrate incorrectly ruled that "[t]here are no allegations of age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq. or violations of the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601, et seq.," this objection is overruled. [*See* R&R, Doc. # 90, at 2.] Plaintiff's objections do nothing to refute the magistrate's supported finding that these issues are not properly before the Court as they were not raised in Plaintiff's Complaint. *See, e.g.*, *Peter B. v. Buscemi*, No. 6:10–767, 2013 WL 869607, at *5 (D.S.C. March 7, 2013) (holding that issues and arguments were not properly before the court as the claims were not raised in the complaint).

---

[3]   Defendant did not object to the R&R.

### Conclusion

The Court has thoroughly analyzed the entire record, including the R&R, objections to the R&R, and the applicable law. The Court has further conducted the required review of all of the objections and finds them without merit. For the reasons stated above and by the magistrate, the Court hereby overrules all of Plaintiff's objections and adopts the R&R.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Default Judgment [Docs. # 43, 47] is **DENIED** and Defendant's Motion for Summary Judgment [Doc. # 51] is **DENIED** *without prejudice* and with leave to re-file within thirty days of the date of this Court's Order.

**IT IS SO ORDERED**.

s/ R. Bryan Harwell<br>
R. Bryan Harwell<br>
United States District Judge

Florence, South Carolina<br>
August 20, 2013