IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Vincent E. Johnson, | ) | Civil Action No.: 4:12-cv-0390-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Patrick R. Donahoe, USPS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Vincent E. Johnson ("Plaintiff") filed this action *pro se* on February 10, 2010, asserting causes of action arising out of his employment with the United States Postal Service ("USPS"). As the Court has previously explained, Plaintiff's Complaint appears to allege causes of action for *quid pro quo* sexual harassment and race discrimination in violation of Title VII and disability discrimination in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq*. Report and Recommendation, ECF No. 90 at 2; Order Adopting Report and Recommendation, ECF No. 98. Although various filings and exhibits reference age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, and violations of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*., these allegations were not raised in the Complaint and consequently are not before the Court. *See* ECF No. 90 at 2; ECF No. 98 at 3.

Presently before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 96, and Defendant's Renewed Motion for Summary Judgment, ECF No. 109.[1] Plaintiff timely filed a response to Defendant's Motion on October 31, 2013. *See* ECF No. 121. The matter is now before

---

[1] Defendant timely filed a motion for summary judgment on April 15, 2013. *See* ECF No. 51. This motion was denied without prejudice and with leave to refile within 30 days of the Order denying the motion. *See* ECF No. 98. Defendant timely filed the renewed motion which is presently before the court on September 24, 2013. *See* ECF No. 109.

the Court after the issuance of the Report and Recommendation ("R & R") of United States Magistrate Judge Thomas E. Rogers, III.[2] In the R & R, the Magistrate Judge recommends the Court deny Plaintiff's Motion for Summary Judgment as untimely and grant Defendant's Motion for Summary Judgment.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The district court is charged with making a *de novo* determination of those portions of the report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

---

[2] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes the showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

When no genuine issue of any material fact exists, summary judgment is appropriate. *Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id.* However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986)).

In this case, Defendant "bears the initial burden of pointing to the absence of a genuine issue of material fact." *Temkin v. Frederick Cnty. Comm'rs*, 845 F.2d 716, 718 (4th Cir. 1991) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). If Defendant carries this burden, "the burden then shifts to the non-moving party to come forward with fact sufficient to create a triable issue of fact." *Id.* at 718–19 (citing *Anderson*, 477 U.S. at 247–48).

"Once the moving party has met its burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show there is a genuine issue for trial." *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874–75 (4th Cir. 1992). The nonmoving party may not rely on beliefs, conjecture, speculation, of conclusory allegations to defeat

a motion for summary judgment. *See id*; *Doyle v. Sentry, Inc.*, 877 F. Supp. 1002, 1005 (E.D. Va. 1995). Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits, depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. *See* Fed. R. Civ. P. 56(c), (e); *Baber*, 977 F.2d at 875 (citing *Celotex*, 477 U.S. at 324)). Moreover, the nonmovant's proof must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993); *DeLeon v. St. Joseph Hosp., Inc.*, 871 F.2d 1229, 1223 n.7 (4th Cir. 1989).

## **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The facts of this case were completely and accurately set forth in the Magistrate Judge's Report and Recommendation, which this Order adopts and incorporates by reference. Briefly stated, Plaintiff was employed by the United States Postal Service ("USPS") in Florence, South Carolina from July 2007 to December 2009. *See* R & R, ECF No. 127, at 2–4. Plaintiff alleges that he was sexually harassed by his supervisor, Sandra Williams, in August and September of 2007. *Id.* at 2. However, Plaintiff admits that he never reported these events to anyone. *Id.* After a series of unscheduled absences in February, March, and April of 2008, Plaintiff received a Letter of Warning for unsatisfactory attendance in April of 2008. *Id.* Plaintiff's unsatisfactory attendance continued and he received multiple punishments increasing in severity pursuant to the USPS's progressive discipline policy, ultimately resulting in his termination. *Id.* at 1–4.

Following his termination from the USPS, Plaintiff filed a "mixed case" complaint with the Merit Systems Protection Board (MSPB), claiming discrimination on the basis of sex, age, and veteran's status, as well as reprisal for his National Labor Relations Board activity and activities protected by the Occupational Safety and Health Act. Equal Employment Opportunity Commission

Decision, ECF No. 109-2 at 2. An administrative hearing was held by the MSPB on January 29, 2010. *See* Partial Transcript of Jan. 29, 2010 Administrative Hearing, ECF No. 109-3. At the conclusion of the testimony the administrative judge issued a Bench Decision sustaining the unsatisfactory attendance charge, finding no discrimination, and upholding the Agency's removal action. *See id.* at 10, 11–12, 17–18. Plaintiff filed a petition for review to the full MSPB, but his petition was denied. ECF No. 109-2 at 3.

Plaintiff then filed a timely petition with the Equal Employment Opportunity Commission ("EEOC"), asserting that the MSPB erred in finding no discrimination because his supervisor retaliated against him for refusing her sexual advances and because he was treated differently from Caucasian employees. *Id.* The EEOC issued its decision on January 12, 2012. *Id.* The EEOC declined to address Plaintiff's claim of race discrimination, as it was not raised before the MSPB. *Id.* at 4. With respect to Plaintiff's claim of sexual harassment, the EEOC concurred with the final decision of the MSPB that Plaintiff failed to establish that his employer terminated him because he refused his supervisor's sexual advances. *Id.* This civil action was filed on February 10, 2012. As previously noted, in this action Plaintiff raises claims of *quid pro quo* sexual harassment and race discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000(e) *et seq.* and disability discrimination in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.*[3]

---

[3] As the Magistrate Judge correctly explained, although both Plaintiff and Defendant cite to the ADA, the United States is specifically excluded from the ADA's definition of employer, and thus a claim under the ADA will not stand against the United States. 42 U.S.C. §§ 12111(2), 12111(5)(B); *Cassity v. Geren*, 749 F. Supp. 2d 380, 384 (D.S.C. 2010). Rather, the Rehabilitation Act, 29 U.S.C. §§ 701 *et. seq.*, provides the exclusive judicial remedy for claims based upon a federal employee's disability. *Id.* (citations omitted).

#### DISCUSSION

In his Report and Recommendation filed on November 26, 2013, the Magistrate Judge first recommends that Plaintiff's Motion for Summary Judgment be denied as untimely. ECF No. 127 at 7. The Magistrate Judge also recommends that Defendant's motion be granted. He recommends a finding that Plaintiff failed to exhaust administrative remedies with regards to his race and disability discrimination claims. *Id.* at 9. The Magistrate Judge also notes that even if Plaintiff had exhausted his administrative remedies for his race discrimination claim, he failed to present sufficient evidence to establish that similarly situated employees outside his protected class were treated differently. *Id.* at 9 n.4. Finally, with regard to Plaintiff's *quid pro quo* sexual harassment claim, the Magistrate Judge recommends granting summary judgment due to Plaintiff's failure to the adverse employment action. *Id.* at 9–14.

Plaintiff filed objections to the R & R on December 16, 2013, and a supplementary document on January 21, 2014. *See* Pl's Objections, ECF No. 136; Additional Attachment to Pl's Objections, ECF No. 140. Plaintiff's objections are, for the most part, improper. The objections largely parrot the allegations of his complaint and the arguments of both Plaintiff's Motion for Summary Judgment and his response to Defendant's motion. Moreover, they largely consist of factual assertions and, although they purport to address specific portions of the R & R, they generally fail to point the Court to specific errors with the Magistrate Judge's analysis. However, out of an abundance of caution, the Court will address Plaintiff's only substantive objection, which appears to assert that the Magistrate Judge improperly determined that summary judgment was appropriate. *See generally id.* In particular, Plaintiff appears to object to the Magistrate Judge's determination that his absences were unexcused, alleging that some of Defendant's evidence was either fabricated to give the appearance

that Plaintiff was absent without an excuse when in actuality he had received approval for FMLA leave, or the system "mess[ed] up" and improperly suggested he had been approved for FMLA leave. *See* ECF No. 136 at 2, 8, 10–11.  Moreover, Plaintiff also claims that the harassment by his supervisor continued beyond the 2008 time frame noted by the Magistrate Judge, and asserts that it actually continued until he was terminated.  *Id.* at 5–6.  Finally, Plaintiff claims that other employees were allowed to miss more time that he did without having available FMLA leave but were not punished.  ECF No. 140 at 1.

Based on the briefs and information submitted, the Court adopts the Magistrate Judge's Report and Recommendation as modified.  The Court agrees with the Magistrate Judge that Defendant's motion for summary judgment should be granted and adopts the Magistrate Judge's analysis as to that motion.  The Court also agrees that Plaintiff's motion should be denied, but modifies the analysis as set forth herein.  In light of Defendant's motion being granted, Plaintiff's motion is denied both on its merits as well as being untimely.

## I.     Plaintiff's Motion

The Magistrate Judge recommends the Court deny Plaintiff's motion for summary judgment as untimely.  ECF No. 127 at 7.  Plaintiff filed his motion on August 15, 2013.  The deadline for filing dispositive motions, however, was April 17, 2013.  *See* Scheduling Order, ECF No. 29.  The Court agrees that Plaintiff's motion was untimely.  However, even reviewing Plaintiff's motion on its merits, it should be denied, and the Defendant's motion for summary judgment should be granted.

## II.     Defendant's Motion

### 1.  Failure to Exhaust

As previously noted, the Magistrate Judge recommended granting summary judgment on Plaintiff's claims for racial discrimination and disability discrimination due to his failure to exhaust his administrative remedies.  ECF No. 127 at 8–9.  Plaintiff's objections failed to address the Magistrate Judge's finding regarding failure to exhaust administrative remedies, and thus, finding no clear error, the Court adopts the analysis on that theory as its own.   Therefore, Summary judgment is appropriate as to Plaintiff's claims for racial discrimination and disability discrimination.[4]

### 2.  Quid Pro Quo Harassment

Plaintiff's only remaining claim is for *quid pro quo* sexual harassment.  Title VII makes it "an unlawful employment practice for an employer . . . discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . . ." 42 U.S.C.§ 2000e–2(a)(1).  Sexual harassment represents one form of this prohibited sex discrimination.  *See Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 64 (1986).  Sexual harassment falls into two categories: (1) quid pro quo

---

[4] The Magistrate Judge also found that even if he had exhausted his administrative remedies, Plaintiff failed to establish a *prima facie* case of race discrimination because he failed to present evidence establishing that similarly situated employees outside his protected class were treated differently. *See Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) ("Absent direct evidence, the elements of a prima facie case of discrimination under Title VII are: (1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class.").   In particular, while Plaintiff argued that three other individuals were treated differently from him, he failed to provide specific details regarding these individuals' absences, or even identify their races.  *Id.* at 9 n.4.   In his objections, Plaintiff continues to insist that certain individuals were treated differently from him, but he fails to provide any evidence establishing that they were similarly situated employees from outside his protected class.  *See generally* ECF No. 136 at 3–4; ECF No. 140 at 1.   In fact, Plaintiff specifically identified two of the employees as black in both his deposition and objections to the R & R.  *See* Pl's Dep., ECF No. 126-1 at 83:23–85:6; ECF No. 136 at 3–4.

harassment, where sexual consideration is demanded in exchange for job benefits; and (2) harassment that creates an offensive or hostile work environment. *See Katz v. Dole*, 709 F.2d 251, 254 (4th Cir. 1983) (quoting *Henson v. City of Dundee*, 682 F.2d 897, 908 n.18 (11th Cir. 1982)); *see also Rachel-Smith v. FTData, Inc.*, 247 F. Supp. 2d 734, 745, 749 (D. Md. 2003) (analyzing harassment claims under each of these categories). As previously stated, Plaintiff raises a *quid pro quo* claim.

*Quid pro quo* liability exists where "a tangible employment action resulted from a refusal to submit to a supervisor's sexual demands." *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 753 (1998). The burden-shifting scheme developed in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), is applicable in *quid pro quo* claims. *See, e.g.*, *Okoli v. City of Baltimore*, 648 F.3d 216, 222–23 (4th Cir. 2011) (applying the burden shifting analysis to a *quid pro quo* claim). To establish a *prima facie* case of *quid pro quo* sexual harassment under Title VII, a plaintiff must satisfy the following elements: (1) the employee belongs to a protected group; (2) the employee was subject to unwelcome sexual harassment; (3) the harassment complained of was based upon sex; (4) the employee's reaction to the harassment affected tangible aspects of the employee's compensation, terms, conditions, or privileges of employment; that is, the acceptance or rejection of the harassment must be an express or implied condition to the receipt of a job benefit or cause of a tangible job detriment; and (5) the employer knew or should have known of the harassment and took no effective remedial action. *Okoli*, 648 F.3d at 222 (citing *Brown v. Perry*, 184 F.3d 388, 393 (4th Cir. 1999)).

With respect to the fourth element, a plaintiff must show that he was deprived of a job benefit that he was otherwise qualified to receive. *Id.* Moreover, as several courts have recognized, to establish the fourth element Plaintiff must establish a nexus or causal connection between his rejection of the unwelcome sexual advances and the adverse employment action suffered. *See Lewis*

*v. Forest Pharm., Inc.*, 217 F. Supp. 2d 638, 648 (D. Md. 2002); *Briggs v. Waters*, 484 F. Supp. 2d 466, 479 (E.D. Va. 2007).

As the Magistrate Judge noted, Defendant claims that Plaintiff has failed to establish the fourth element of a prima facie case: that his response to the sexual harassment affected tangible aspects of his employment. The Magistrate Judge found that Plaintiff failed to establish the requisite nexus between his supervisor's purported harassment and the adverse employment action he suffered because he presented no evidence tying the alleged unwelcome advances to his termination or other adverse employment action. *See* ECF No. 127 at 14. In his objections, Plaintiff largely repeats many of the factual assertions in his prior filings in an attempt to show a causal connection. *See generally* ECF No. 136 at 6–7. Plaintiff does appear to assert that his supervisor had the authority to deny and approve FMLA leave and somehow manipulated the FMLA system that records missed time "to fire me because that was her threat in Sept. 2007." *Id.* at 6. Plaintiff, however, has not provided any affidavits or competent evidence establishing these factual assertions. Moreover, Plaintiff has not stated, or provided any evidence for that matter, establishing that the alleged harassment by his supervisor continued beyond September 2007. Over two years passed until his termination in 2009. As the Magistrate Judge correctly explained, beginning in February of 2008, Plaintiff incurred numerous unscheduled absences and began to be disciplined under the USPS's progressive system. Plaintiff has not submitted any evidence establishing that his disciplinary actions were in any way causally related to his rejection of the purported harassment. Accordingly, Plaintiff has failed to establish a prima facie case for *quid pro quo* harassment and summary judgment is appropriate on this claim as well.

## CONCLUSION

The Court has thoroughly reviewed the entire record, including Plaintiff's Motion for Summary Judgment, Defendant's Renewed Motion for Summary Judgment, Plaintiff's Response in Opposition to Motion for Summary Judgment, the R & R, Plaintiff's objections to the R & R, and applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objection and adopts the Magistrate Judge's R & R as modified.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED**, and that Plaintiff's complaint is **DISMISSED** *with prejudice*.

**IT IS SO ORDERED.**

                                                s/ R. Bryan Harwell
                                                R. Bryan Harwell
                                                United States District Judge

Florence, South Carolina
February 18, 2014